IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER LYNN HOWARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-0550 |
| ) | |
| WHITE BLUFF POLICE DEPARTMENT, ) | Judge Trauger |
| CHRIS FULCHER, CLINT HOPPER, ) | |
| CHIEF MIKE HOLMAN, and J. DORLAND, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Christopher Lynn Howard has filed a *pro se* complaint in this action (ECF No. 1). By separate order, the court has granted the plaintiff leave to proceed *in forma pauperis*.

**I.  Standard of Review**

Having granted the plaintiff's application to proceed as a pauper, the court must conduct an initial review of the complaint and dismiss it *sua sponte*, prior to service on the defendant, if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In reviewing the complaint, the must construe the *pro se* plaintiff's complaint liberally, *Williams v. Curtin*, 631 F.3d 389, 383 (6th Cir. 2011), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The Sixth Circuit has confirmed that, in assessing whether a *pro se* complaint states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and *Bell Atlantic Corp. v.. Twombly*, 550 U.S. 544, 555–57 (2007), must be applied. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir.2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams*, 631 F.3d at 383 (quoting *Iqbal*, 556 U.S. at 681) (alteration in original).

## II. Factual Allegations

In his Complaint, the plaintiff alleges that he was arrested on October 4, 2012, November 19, 2012, December 7, 2012, and December 11, 2012 by White Bluff Police Officers Chris Fulcher, Clint Hopper, and/or J. Dorland, all for violation of an order of protection purportedly issued in Cheatham County. The plaintiff alleges, however, that this order of protection never existed and that the White Bluff Police Department was made aware of that fact by Cheatham County authorities. Police Chief Mike Holman "let this happen" and "was encouraging" the individual police officers to continue to arrest the plaintiff, even though he knew there was no order of protection in effect. (ECF No. 1, at 2.) The plaintiff claims that the purpose for the repeated arrests was harassment. (*Id.*) The plaintiff also alleges that, after he was arrested on November 19, 2012 and was being transported to the Dickson County Jail by Officer Fulcher, he was engaged in a verbal dispute with Fulcher, when Fulcher slammed on the brakes of the patrol car expressly for the purpose of causing the plaintiff to be thrown around the "cage" of the patrol car. The plaintiff claims he was injured as a result.

Attached to the Complaint as exhibits are documents suggesting that the plaintiff actually was arrested and charged with violation of bond restrictions. Three of the charges were dismissed, and the plaintiff pleaded guilty to a fourth. (See ECF No. 1, at 5–6.) Other documents suggest he was arrested for violation of an order of protection, however. The exhibits include affidavits of arrest sworn out by the police officer defendants and accompanying arrest warrants.

The defendants named in this action are the White Bluff Police Department, Police Chief Mike Holman, and Officers Chris Fulcher, Clint Hopper, and J. Dorland. The plaintiff seeks compensatory damages as well as equitable relief.

## III. Discussion

Federal courts are courts of limited jurisdiction. The presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895). The facts showing the existence of jurisdiction must be affirmatively alleged in the complaint. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1).

The basic statutory grants of subject-matter jurisdiction for federal courts are contained in 28 U.S.C. § 1331, which provides for "federal question" jurisdiction, and 28 U .S.C. § 1332, which provides for "diversity of citizenship" jurisdiction. Diversity jurisdiction requires that "the matter in controversy exceed[] the sum or value of $75,000" and that the opposing parties be citizens of different states. 28 U.S.C. § 1332. Although the plaintiff seeks over a million dollars in damages, diversity jurisdiction does not exist in this case because the defendants are not citizens of a different state than the plaintiff.

Consequently, the complaint must on its face provide at least an arguable basis for federal-question jurisdiction in order to survive the court's screening under 28 U.S.C. § 1915(e)(2). A plaintiff properly invokes federal-question jurisdiction when she pleads a colorable claim "arising under" the federal Constitution or laws. 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936)).

The plaintiff appears to be alleging that he was harassed and wrongfully arrested, without probable cause, by the individual White Bluff police officers named as defendants, that he was arrested for violation of an order of protection, that the police officers knew that there was no order of protection, and that Police Chief Mike Holman nonetheless encouraged the repeated arrests of the plaintiff. The plaintiff does not invoke any particular federal law or constitutional provision on which his claims are based, nor does he otherwise identify the basis for this court's exercise of jurisdiction over his claims. Construing the Complaint very liberally, the court will presume, based on the fact that the plaintiff names only a governmental entity and government employees as defendants, that the plaintiff intends to bring suit for alleged violations of his federal constitutional rights in connection with his arrests.

The vehicle through which a plaintiff may vindicate violations of his constitutional rights is through an action under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege, not only that he was deprived of a right secured by the Constitution or laws of the United States, but also that the deprivation was caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983

is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). A failure to identify a right, privilege or immunity secured by the Constitution that was violated will result in dismissal of the cause of action for failure to state a claim upon which relief can be granted. In addition, claims against entities or individuals who are not state actors and "persons" subject to suit under § 1983 must be dismissed.

The claim against the White Bluff Police Department is subject to dismissal under this standard because the Police Department is a division of a municipality, presumably the town of White Bluff, but is not itself a separate legal entity susceptible to liability under § 1983. *See, e.g.*, *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) (rejecting claim against township police department, which was subsumed within township itself for purposes of establishing municipal liability); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) ("[T]he Sheriff's Department is not a legal entity subject to suit[.]" (citation omitted)). *See also Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10-cv-0496, 2010 WL 3341889, at *1–2 (M.D. Tenn. Aug. 25, 2010) (collecting cases holding that police and sheriff's departments are not entities subject to suit under § 1983).

Insofar as the Complaint may be liberally construed to state a claim against the town of White Bluff itself, a municipality does qualify as a "person" who may be subject to liability under § 1983. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Nonetheless, a municipality cannot be held responsible for an alleged constitutional deprivation unless there is a direct causal link between a policy or custom of the municipality or entity and the alleged constitutional violation. *Id.* at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Thus, to state a claim against a municipality, a plaintiff must first articulate a constitutional violation and then "identify the policy, connect the policy to the city itself and show that the particular injury [or constitutional violation] was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363–64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The plaintiff here has not identified a constitutional violation, much less shown how such a violation resulted from the existence and execution of a municipal policy. The claim against the White Bluff Police Department, even if construed as a claim against the town of

White Bluff, is therefore subject to dismissal for failure to state a claim under 42 U.S.C. § 1983 for which relief could be granted.

The plaintiff appears to be seeking to state claims against the police officer defendants for false arrest and/or false imprisonment. Claims of false arrest and false imprisonment under § 1983 overlap, with false arrest being a species of false imprisonment. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). A false arrest claim requires a plaintiff to show that the underlying arrest lacked probable cause. *See, e.g.*, *Brooks v. Rothe*, 577 F.3d 701, 706 (6th Cir. 2009) (for a wrongful arrest claim to succeed under § 1983, plaintiff must prove that police lacked probable cause); *Gumble v. Waterford Twp.*, 171 F. App'x 502, 507 (6th Cir. 2006) (quoting *Mark v. Furay*, 769 F.2d 1266, 1269 (7th Cir. 1985) ("[T]he existence of probable cause for an arrest totally precludes any section 1983 claim for unlawful arrest, false imprisonment, or malicious prosecution, regardless of whether the defendants had malicious motives for arresting the plaintiff.").

Generally, probable cause exists when the police have "reasonably trustworthy information . . . sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964). "Probable cause determinations involve an examination of all facts and circumstances within an officer's knowledge at the time of an arrest." *Estate of Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999). "In general, the existence of probable cause in a § 1983 action presents a jury question, unless there is only one reasonable determination possible." *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995).

Under these principles, based on the factual allegations outlined above, the court finds that the plaintiff has, at least for purposes of the initial screening, stated colorable claims against the defendant police officers in their individual capacity for false imprisonment/false arrest. The plaintiff alleges that he was arrested for violation of an order of protection, and that the officers knew that the order of protection was not in effect. He alleges that Chief Holman personally encouraged the wrongful arrests, even though he knew there was no order of protection. *See Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (noting that, to state a claim against a supervisory employee who was not directly involved in the allegedly unconstitutional behavior, "'[a]t a minimum a plaintiff must show that the official at least implicitly

authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers'" (quoting *Hays v. Jefferson Cnty.*, 668 F.2d 869, 874 (6th Cir. 1982)).

The court cautions the plaintiff that this is a preliminary finding only. The court finds merely that the Complaint states colorable claims under § 1983 against the police officer defendants and will permit service to be made upon these defendants. The court makes no finding as to the merits of the plaintiff's claims.

**IV.    Conclusion**

Accordingly, for the reasons set forth herein, the claims against the White Bluff Police Department will be dismissed on initial review, but the claims against the four individual defendants will be permitted to proceed. An appropriate order is filed herewith.

Aleta A. Trauger
United States District Judge